920 F.2d 935
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard A. MILAN, Plaintiff-Appellant,
v.
Jack R. DUCKWORTH, Barry Nothstien, Defendants-Appellees.
 No. 89-3417.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 20, 1990.*
Decided Dec. 5, 1990.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, Senior District Judge.**
 
 ORDER
 
 2
 Richard Milan filed an action pursuant to 42 U.S.C. Sec. 1983 alleging that defendants deprived him of due process by refusing to allow his sister to see him when she came to visit him in the prison. The district court initially dismissed the complaint with leave to amend because it failed to allege personal involvement by the defendants. That problem was redressed by an amended complaint, and the district court then dismissed the action on the merits as failing to establish a due process violation. Milan appealed that dismissal to this court.
 
 
 3
 On July 8, 1988, Milan attempted to escape from prison, and he was placed in segregation. Two days later, his sister arrived to visit him at the prison. Prison officials refused to allow the visit, and defendant Nothstine indicated in an affidavit that the reason for the refusal was that the prison officials had not yet determined whether the escape attempt involved help from an outsider. Contrary to prison regulation 02-00-104, Milan was not informed of his sister's visit, and was not provided with a written explanation of the denial. As a result of the incident, Milan filed this Sec. 1983 action alleging that the prison officials violated the due process clause by refusing in that manner to let his sister visit him.
 
 
 4
 In order to succeed on his due process claim, Milan must demonstrate the impairment of a liberty interest. "A liberty interest may arise from the due process clause itself ... or it may be created by statute or binding administrative regulation." Castaneda v. Henman, --- F.2d ----, No. 89-1353, slip op. at 4 (7th Cir. October 1, 1990); Kentucky Department of Corrections v. Thompson, 109 S.Ct. 1904, 1908 (1989). In this case, Milan argues that an administrative regulation creates a protectible liberty interest which prevents prison officials from withdrawing visiting privileges absent certain circumstances and procedures. The regulation at issue provides in relevant part:
 
 
 5
 Visitation privileges may be denied. Denial of those privileges shall be based upon the department's interest in security, safety and order of the facility/institution and the safety of the individuals involved.
 
 
 6
 Denial of the visitation privileges shall be given to the offender in writing and shall include the reason for the denial, the name of the staff person making this decision and the right of the offender to appeal the decision to deny through the Offender Grievance Process, policy 02-00-101. State Form 3779, "Denial/Restriction of Visitation Privilege," shall be used to notify the offender of the decision to deny or restrict visitation privileges.
 
 
 7
 The Supreme Court in Thompson considered whether a similar regulation created a protectible liberty interest. The regulation in that case allowed prison officials to deny visitation if they had reasonable grounds to believe that the visitor would constitute a danger to the safety, security or order of the institution, and the regulation listed nine specific situations that might justify a refusal. Thompson, 109 S.Ct. at 1907 n. 2. The Court held that the regulation did not give rise to a protectible liberty interest because it did not place substantive limitations on official discretion. 109 S.Ct. at 1909. While the regulation did provide "substantive predicates" to guide the decision-maker, it did not contain the mandatory language necessary to create a liberty interest. In stating the proper analysis, the Court declared that a regulation only creates a liberty interest if it employs language "of an unmistakably mandatory character" which establishes substantive predicates and mandates a result upon satisfaction of those criteria. Hewitt v. Helms, 459 U.S. 460, 471-72 (1983); Thompson, 109 S.Ct. at 1909.
 
 
 8
 In the present case, the regulation similarly contains no mandatory language which would narrowly circumscribe the discretion of the prison officials. The regulation merely cites the same criteria identified in the Thompson case--concerns of safety, security and order. The statement that visitation may be denied is without restriction, and no "substantive predicates" dictate the result in an individual case. Because the regulation does not contain mandatory language which would support a liberty interest, Milan has not demonstrated a violation of the due process clause.[1]
 
 
 9
 Milan appears to base his liberty interest argument on language requiring certain procedures to be followed upon the denial of visitation. Procedural protections, however, do not themselves create a liberty interest. Shango v. Jurich, 681 F.2d 1091, 1100 (7th Cir.1982). If the right or privilege governed by the procedures is not a protectible liberty interest, then the due process clause does not guarantee that any procedures will be followed prior to denial of the right or privilege. The violation of the mandatory procedures may give rise to a state law claim, but it will not support a constitutional challenge. Accordingly, the decision of the district court dismissing the Sec. 1983 action is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 The Honorable Robert A. Grant, Senior District Judge of the United States District Court for the Northern District of Indiana, South Bend Division, is sitting by designation
 
 
 [1]
 Milan also argues that the First Amendment is violated by defendants' conduct. The complaint, however, does not allege a permanent or even significant denial of all visiting privileges. In fact, defendants in their brief indicate that Milan's sister was allowed to visit him on July 25, 1988. Therefore, the complaint presents no cognizable challenge under the First Amendment